# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**SANDRA A. PACE, ET AL**            **CIVIL ACTION**

**VERSUS**                          **NUMBER 08-234-RET-DLD**

**RANDY K. POPE, ET AL**

## MAGISTRATE JUDGE'S REPORT

This matter is before the court on a referral from the district judge on defendant Randy K. Pope's motion to dismiss under rule 12(b)(6) of the Federal Rules of Civil Procedure. (rec. doc. 5). According to ULLR 7.5M, any opposition to this motion was required to be filed within twenty (20) days after service. Plaintiff's response to the motion was due June 18, 2008, but as of July 25, 2008, the court has not received such response.

*Background*

On April 22, 2008, plaintiff filed suit against the Livingston Parish School Board and its superintendent, Randy K. Pope, alleging that, on or about July 7, 2006, after working for the school board for several years in the administrative capacity of Purchasing Manager, she applied for the position of Warehouse Manager; was interviewed for the position; was not hired for the position; and the position was ultimately awarded on September 7, 2006, to another individual, an African-American male, allegedly based on Randy Pope's recommendation to the school board that this other individual be hired. Plaintiff filed a complaint with the EEOC; an unsuccessful mediation was held; and plaintiff received her Right-to-Sue Notice in early February 2008. Plaintiff sued Pope in his capacity as Superintendent, and sued the school board as a result of its vicarious liability for Pope's conduct, claiming she was denied an employment opportunity because of her race and/or

sex, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, *et seq.*

Pope filed the instant motion to dismiss under Rule 12(b)(6), arguing that the school board is his employer, and he is simply an agent of the school board with no individual liability under 42 U.S.C. 2000e, *et seq.*

### Rule 12(b)(6) Standard for Motions to Dismiss

In order to give the defendant fair notice of the claim, plaintiff is required to plead a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).   When reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6) attacking the plaintiff's complaint for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Guidry v. American Public Life Ins. Co.*, 512 F.3d 177 (5th Cir. 2007), *citing Bell Atl. Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. at 1974.  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.*, at 1965; see also *Schafer v. State Farm Fire and Cas. Co.*, 507 F.Supp.2d 587, 591 (E.D. La. 2007).  A motion to dismiss under Rule 12( b)(6) is "viewed with disfavor and is rarely granted." *Priester v. Lowndes County*, 354 F.3d 414 (5th Cir. 2004).  In deciding a motion to dismiss for failure to state a claim, a court is generally limited to the allegations of the complaint and the documents either attached to or incorporated in the complaint. *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1018 (5th Cir. 1996), citing Fed. R. Evid. 201(f).

***Title VII Claims Against Employers and Their Agents***

Under Title VII, it is unlawful for an "employer" to "discriminate against any individual with respect to ... compensation, terms, conditions, or privileges of employment, because of such individual's race [or] sex ..." 42 U.S.C. § 2000e-2(a)(1). In the Fifth Circuit, it is well established that "a party may not maintain a suit against both an employer and its agent under Title VII." *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir.1999). Also, while Title VII defines the term employer to include 'any agent' of an employer, the Fifth Circuit does not interpret this statute as imposing individual liability for such a claim. *Id.* Moreover, outside of an action against an employee or agent personally, there is no action available against both an entity and its agent functioning in his official capacity. *Sims v. Jefferson Downs Racing Association*, 778 F.2d 1068 (5th Cir. 1985).

***Recommendation***

Plaintiff has named Pope as a defendant only in his official capacity as Superintendent of the Livingston Parish School Board.  Plaintiff also has not opposed the present motion to dismiss.  It is therefore the recommendation of the magistrate judge that Randy K. Pope be dismissed as a defendant in this matter pursuant to F.R.C.P. Rule 12(b)(6) for failure to state any claim against him upon which relief may be granted.

Signed in Baton Rouge, Louisiana, on July 25, 2008.

**MAGISTRATE JUDGE DOCIA L. DALBY**

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

SANDRA A. PACE, ET AL                    CIVIL ACTION

VERSUS                                   NUMBER 08-234-RET-DLD

RANDY K. POPE, ET AL

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have ten days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report.  A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on July 25, 2008.

_____

**MAGISTRATE JUDGE DOCIA L. DALBY**